**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5383-18

CHRISTINE CUCCINELLO,

    Plaintiff-Appellant,

v.

PREFERRED BEHAVIORAL
HEALTH GROUP,

    Defendant-Respondent.

_____

        Submitted September 16, 2020 – Decided  March 10, 2021

        Before Judges Alvarez and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. DC-001483-17.

        South Jersey Legal Services, Inc., attorneys for appellant (Kenneth M. Goldman, on the briefs).

        Prutting & Lombardi, attorneys for respondent (George A. Prutting, Jr., on the brief).

PER CURIAM

Plaintiff Christine Cuccinello appeals from a July 2, 2019 order denying her motion to correct a clerical mistake in the record pursuant to Rule 1:13-1. Based on our review of the record and the governing legal principles, we reject plaintiff's assertion that a clerical error occurred. Notwithstanding our repudiation of plaintiff's argument, we are convinced the interests of justice require that we permit her to pursue her previous timely filed appeal of the trial judge's June 30, 2017 order for the reasons set forth below.

We discern the following facts from the record. Between July 2016 and January 2017, plaintiff resided in a community residence for mentally ill adults that was operated by defendant Preferred Behavioral Health Group. Plaintiff paid monthly rent of $560 for her apartment. Located in Toms River, the community residence is one of many that is licensed and regulated by the Commissioner of the Department of Human Services (DHS). N.J.S.A. 30:11B-4. The DHS Commissioner delegated this authority to the Director of the Division of Mental Health and Addiction Services (DMHAS). N.J.S.A. 26:2G-3. Defendant is a private, non-profit mental health agency and provider of community residences pursuant to a contract with DMHAS. On January 17, 2017, DMHAS sent plaintiff a letter informing her that she was being discharged, pursuant to N.J.A.C. 10:37A-11.2, for disruptive behavior including

2

continuing to smoke inside the facility as well as blocking the entrance to her residence.[1]

On February 13, 2017, plaintiff filed a pro se verified complaint and order to show cause (OTSC) in the Special Civil Part alleging defendant locked her out of the apartment in violation of the Forcible Entry and Detainer Act, N.J.S.A. 2A:39-1 to -9. Thereafter, plaintiff retained counsel, who filed an amended verified complaint on March 27, 2017. The amended complaint alleged defendant called the Toms River police to assist in forcibly removing her from the property in violation of the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12. Plaintiff sought injunctive relief entitling her to reenter the property as well as compensatory damages. N.J.S.A. 2A:39-8. Alternatively, plaintiff sought treble damages if return to possession was determined to be an inappropriate remedy. Ibid.

On April 19, 2017, the date of OTSC hearing, defendant filed an answer that included a counterclaim seeking $13,191.84 in damages, which represented the amount that was "unable to be billed for [plaintiff's] stay at the [c]ommunity [r]esidence due to her inability to follow the procedures and frequent elopements." At the OTSC hearing, defense counsel made an oral application

---

[1] Defendant also claimed that plaintiff had not made a rent payment since October.

to dismiss plaintiff's amended complaint on the basis that no landlord-tenant relationship existed between the parties. Counsel argued that plaintiff was not a tenant, but a person suffering from mental illness being provided services, including a group home in which to live, under the regulatory scheme pursuant to N.J.A.C. 10:37A-1.1 to -12.14. Defense counsel further argued that plaintiff had not exhausted available administrative remedies. See N.J.A.C. 10:37A-11.3.

Plaintiff's counsel countered that, because she paid rent, she was a tenant and was protected under N.J.S.A. 2A:39-1. At the conclusion of the hearing, the trial judge orally dismissed the "entire matter" based on his conclusion that defendant was not plaintiff's landlord. The judge noted that there were "other avenues" for plaintiff to take to seek redress. On June 30, 2017, the judge entered an order memorializing his findings. Neither the judge's oral decision on April 19, 2017 nor his June 30, 2017 written order referenced the pending counterclaim.[2] Both the Judiciary's Automated Case Management System

---

[2] On appeal, defendant argues that plaintiff's counsel mistakenly failed to include the counterclaim in the June 30, 2017 form of order that he had prepared, creating "the procedural confusion that has ensued." It should be noted, however, that concurrent with defendant's filing of its case information statement with this court, defendant asked the appellate clerk to dismiss the case as interlocutory due to the pendency of its counterclaim.

(ACMS) and the eCourts case jacket indicated that the case was "closed" as of April 20, 2017.

On June 5, 2017, plaintiff filed an appeal of the April 19, 2017 oral decision dismissing her complaint.[3] On June 30, 2017, defendant filed its case information statement (CIS) accompanied by a letter that asserted the appeal should be administratively dismissed as interlocutory due to the pendency of its counterclaim.

On July 5, 2017, the Appellate Division clerk's office sent plaintiff's counsel a letter questioning whether the determination being appealed was final. The letter indicated that "issues may remain unresolved (counterclaims) as to some parties." The clerk's office requested a letter of explanation whether the June 30, 2017 order was final. On July 21, 2017, plaintiff filed a letter with the clerk's office requesting that the appeal be withdrawn due to the pendency of defendant's counterclaim. The appeal was subsequently dismissed.

On July 25, 2017, plaintiff's counsel moved to reconsider the June 30, 2017 order granting defendant's oral application for dismissal. R. 4:49-2; R. 6:6-1. Plaintiff also requested an extension of time to file and serve an answer

---

[3] The appeal, docketed as A-004239-16, was filed before the June 30, 2017 written order was entered. In any event, the appeal was timely filed.

to defendant's counterclaim.  <u>R.</u> 4:6-1(c); <u>R.</u> 6:3-1.  On August 17, 2017, the trial judge granted plaintiff leave to file an answer to defendant's counterclaim. On August 22, 2017, plaintiff filed an answer to defendant's counterclaim. [4]

Upon review of older files, plaintiff's counsel realized the counterclaim had not been scheduled for trial.  On May 29, 2019, plaintiff filed a motion, pursuant to <u>Rule</u> 1:13-1, to correct a clerical mistake in the record.  Plaintiff sought to change the case status to "active" and schedule a trial date for defendant's counterclaim.  Plaintiff's objective was to achieve finality to allow her to appeal the June 30, 2017 order.  On July 2, 2019, the judge denied plaintiff's motion, finding that both the "complaint and counterclaim were dismissed on [April 19, 2017] as the matter is governed under the N.J.A.C. 10:37A-11.3[.]"

On appeal, plaintiff raises the following arguments for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION MADE PURSUANT TO [RULE] 1:13-1 TO CORRECT THE SPECIAL CIVIL PART CLERK'S CLERICAL ERROR IN THE ACMS SYSTEM MISTAKENLY ENTERING DEFENDANT'S COUNTERCLAIM AS HAVING

---

[4]   On November 8, 2017, the trial judge denied plaintiff's motion for reconsideration.

BEEN DISMISSED AND THE CASE "CLOSED" ON "4-20-17"

> A. The Record Shows That The Clerk Originally Erred In Entering Defendant's Counterclaim As Being Dismissed In The ACMS System On 4/20/17, And Then Subsequently Failed To Update The ACMS System After Plaintiff Withdrew Her Previous Appeal Of Dismissal Of Her Amended Complaint And Filed An Answer To Defendant's Counterclaim On 8/22/17

> B. The Trial Court Erred In Ruling That The Court Had Previously Dismissed Defendant's Counterclaim From The Bench On 4/19/17 Since The Court Had Entered A Subsequent Written Order On 8/17/17 Permitting Plaintiff To File An Answer To Defendant's Counterclaim, Which Plaintiff Had Timely Filed And Served On 8/22/17

> C. Since There Never Has Been Any Final Judgment Resolving Defendant's Counterclaim, The Trial Court's Denial To Correct The ACMS Record And List Defendant's Counterclaim For Trial Has Unfairly And Arbitrarily Prevented Plaintiff From Appealing The Trial Court's Dismissal Of Her Amended Complaint

At the outset, we reject plaintiff's argument the clerk made a clerical error that requires correction. The clerk's April 20, 2017 entry in ACMS accurately and objectively reflected the trial judge's ruling from the bench that the "entire matter" was dismissed. Because both the complaint and counterclaim were dismissed, plaintiff's initial appeal was a final judgment that was appealable as

of right.  See CPC Int'l, Inc. v. Hartford Accident & Indem. Co., 316 N.J. Super. 351, 365 (App. Div. 1998) ("To be considered a final judgment appealable as of right, the order must generally dispose of all issues as to all parties."); see also R. 2:2-3(a)(1).  Less clear, however, is whether that oral ruling was intended to encompass the counterclaim.  In that regard, the counterclaim was filed on the morning of April 19, 2017, immediately before the OTSC hearing.  The judge made no findings concerning the counterclaim in dismissing the case, raising a question whether he was actually aware that it had been filed when he ruled from the bench that the "entire matter" was dismissed.

We understand the trial judge's dilemma faced with a 2019 motion concerning a 2017 Special Civil Part case.  He necessarily based his decision on the records in ACMS and the eCourts case jacket, which supported his July 2, 2019 order indicating that the "complaint and counterclaim were dismissed on [April 19, 2017] as the matter is governed under the N.J.A.C.10:37A-11.3[.]"

Notwithstanding, we cannot ignore the abject unfairness in preventing plaintiff from pursuing an appeal of the trial judge's June 30, 2017 order.  Plaintiff was, without question, induced into withdrawing her timely filed appeal based on defendant's letter requesting the appellate clerk dismiss the appeal as interlocutory due to its pending counterclaim.  Plaintiff's perception that her

8

appeal was interlocutory was reinforced when she received a letter from the clerk's office questioning the finality of the order. Finally, after plaintiff voluntarily withdrew her appeal, the trial judge entered an order extending the time by which she could file an answer to defendant's counterclaim. Pursuant to that order, plaintiff filed an answer, which was not rejected on the basis that the case was closed.

At that juncture, plaintiff reasonably believed she had perfected her pleadings and need only await the scheduling of a trial date. Although considerable time elapsed after the filing of her answer, the onus was not on plaintiff, but on defendant, to contact the court to obtain a trial date. It is only now, on this appeal, that defendant takes the position that the case was entirely disposed of on April 19, 2017 – an argument that is diametrically opposed to its position when plaintiff first filed her appeal. It appears to be a somewhat convenient position as defendant has clearly abandoned its counterclaim.

Ultimately, the question is whether to foreclose plaintiff, a homeless person who suffers from a mental illness, from pursuing the appeal she timely filed in 2017 when the issues raised on that appeal remain unresolved. We think not. We discern no utility in restoring a counterclaim that defendant clearly has no desire or incentive to pursue. To secure a just determination and ensure

A-5383-18

fairness in the administration of this matter, we direct that plaintiff may refile her appeal as if timely within thirty days of the date of this decision. See R. 1:1-2(a). Thereafter, the clerk shall establish a briefing schedule. We express no opinion on the merits of the appeal, and we do not retain jurisdiction.

Affirmed in part, and other relief granted sua sponte.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5383-18